UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:21-cr-20218-AHS-9

UNITED STATES OF AMERICA

v.

Douglas Gazmuri Perez
_____/

**DEFENDANT DOUGLAS GAZMURI'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE**

COMES NOW, DOUGLAS GAZMURI PEREZ ("Mr. Gazmuri-Perez"), by and through the undersigned attorney, files this Sentencing Memorandum and Request for Downward Variance pursuant to Title 18 U.S.C. §3553(a) factors, and states the following in support thereof:

Mr. Gazmuri-Perez has demonstrated he is remorseful for his actions and recognizes that what he did was illegal, immoral, and wrong. Mr. Gazmuri-Perez understands that his actions affected the United States, the court system, his life, and his loved ones. Mr. Gazmuri-Perez realizes that he must pay for his crimes and accepts full responsibility for them.

> "I, Douglas Gazmuri Perez, first would like to ask the United States of America for forgiveness, as well as my family for the actions I have taken. I accept responsibility and would like the opportunity to rebuild my life and continue to be alongside my loved ones and my career as an electrician."
>
> */s/ Douglas Gazmuri Perez*

(D.E. 386 at page 23, PRESENTENCE INVESTIGATION REPORT)

Mr. Gazmuri-Perez asks for leniency because of the limited life experience he had at the time of the conduct, he was 20 at the time of his arrest and is going to be 21 at the time of sentencing. Mr. Gazmuri-Perez states the absence of his father, feelings of neglect, abuse, alcohol and drug abuse greatly impacted his decision making when he needed clear guidance the most. Mr.

Gazmuri-Perez felt lost, alone, and without guidance. Notwithstanding these issues, he wants to apologize to everyone and recognizes that ultimately, he needs to take action to correct his poor decisions making. Mr. Gazmuri-Perez accepts full responsibility and approaches the court with a deep sense of respect, humility, individual accountability, and remorse.

Mr. Gazmuri-Perez respectfully requests a significant downward variance of 27 months from 87 months, which would result in a sentence of 60 months incarceration. Based upon various factors supporting a downward variance, the Court can and should fashion a sentence lower than the guidelines that is "sufficient but not greater than necessary" to achieve the goals of sentencing under 18 U.S.C. §3553(a).

## Title 18 U.S.C. § 3553(a) Sentencing Factors

Title 18 of the United States Code Section 3553(a) states that a sentencing court should "impose a sentence sufficient, but not greater than necessary" to achieve the statutory goals of sentencing. In doing so, Section 3553(a) delineates several factors that the court must consider when imposing a sentence, "and the sentencing range . . . as set forth in the Guidelines" is but one of those factors. As the United States Supreme Court has stated, while a sentencing court must "give respectful consideration to the Guidelines, it is well-settled that *Booker* permits the court to tailor the sentence in light of other statutory concerns as well." *Kimbrough v. United States*, 522 U.S. 85, 101 (2007). In fact, the Supreme Court has stated that a sentencing court "may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007).

In *Booker*, the Supreme Court held that the Sentencing Guidelines are no longer mandatory and constitute only one of the sentencing factors that the Court must consider under §18 U.S.C. 3553(a). *United States v. Booker*, 125 S. Ct. 738, 757 (2005). Under *Booker*,

sentencing decisions are subject to a "reasonableness" standard of review, which must be measured against the factors outlined in 18 U.S.C. §3553(a).[1] *Id* at 761. A sentence outside the advisory guideline range does not need to be justified by "extraordinary circumstances". *Gall v. United States*, 128 S. Ct. 586 (2007). In fact, the Supreme Court has specifically rejected any presumption of unreasonableness for sentences outside the guideline. *Id* at 595. The sentence imposed must be "sufficient but not greater than necessary." *United States v. Williams*, 435 F. 3d 1350 (11th Cir. 2006) (90 months' imprisonment was sufficient, but not greater than necessary to punish, deter, and rehabilitate defendant even though low end of guidelines was 188 months; a 98-month variance).

## The nature and circumstances of the offense and the history and characteristics of the defendant

The indictment charged Mr. Gazmuri-Perez and co-defendants with counts of Conspiracy to Possess with the Intent to Distribute Methamphetamine 21 U.S.C. §846 and/or counts for Possession with the Intent to Distribute Methamphetamine 21 U.S.C. §841(a)(1) and/or counts for counts for Conspiracy to Distribute Cocaine 21 U.S.C. §846. Mr. Gazmuri-Perez is being held responsible for at least 10,000 kilograms but less than 30,000 kilograms of converted drug weight for Methamphetamine. Mr. Gazmuri-Perez accepted responsibility in a timely manner and plead guilty to count 1 of the indictment.[2] [D.E. 300] As a result, the Pre-Sentence Report (PSR) properly awards a three-level reduction pursuant to U.S.S.G. §3E1.1(a)-(b). [D.E. 386].

---

[1] 18 U.S.C. §3553(a) provides the following factors to be determined when imposing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

[2] conspiring to distribute 500 grams or more of methamphetamine, all in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii)

Because of his timely acceptance of responsibility and proffer of his involvement, Mr. Gazmuri-Perez also qualifies for a minimum mandatory waiver under the 'safety valve' pursuant to §5C1.2(a); and an additional two-level reduction pursuant to U.S.S.G. §2D1.1(b)(18). *Id*.

The offense involves thirteen (13) other codefendants and, in comparison to others, Mr. Mr. Gazmuri-Perez is the youngest and least experienced of this group. This is in line with his explanation that he lacked a father figure when he arrived in the United States and sought that figure in the wrong places. Mr. Gazmuri-Perez discussed this in depth during his interview with probation and began became visibly emotional. Mr. Gazmuri-Perez laments that he became addicted to methamphetamines, cocaine, and alcohol. He explains that he consumed these substances and incorporated them into his life in a failed attempt to extinguish the void left by the absence of his father, the feelings of abandonment, and the abuse he endured.

**Background**

Mr. Gazmuri-Perez was born in Havana, Cuba on October 20, 2000 and explains that he experienced a tough childhood. Mr. Gazmuri-Perez becomes visibly emotional discussing his upbringing and expressed resentment because he did not have love and affection through his youth. Mr. Gazmuri-Perez explains that he felt abandoned and with a great sinking void because he feels his parents were preoccupied with other matters while he was suffering and being abused both emotionally and physically. Mr. Gazmuri-Perez explains that from birth until 2005, he was with his mother and father but thereafter his mother immigrated to the United States in 2005 and left Mr. Gazmuri-Perez behind with his paternal grandmother in Cuba. Mr. Gazmuri-Perez explained that he suffered physical and verbal abuse at the hands of his stepmother and her mother. Mr. Gazmuri-Perez's stepmother would physically abuse him and his brother.

Mr. Gazmuri-Perez is a United States Citizen who immigrated to the United States in 2015, arriving as a child; he was 15 years old. Mr. Gazmuri-Perez graduated with his High School Diploma from American Highschool Academy, in Miami, Florida but started his High School career at Southwest Miami High School. Mr. Gazmuri-Perez attended South Florida Institute of Technology for training as an electrician and was employed off an on in 2019. (See PSI, page 33)[D.E. 386]

### Criminal History

Mr. Gazmuri-Perez's criminal history score is zero. There are records of prior arrests and cases while Mr. Gazmuri-Perez was a juvenile, and there is an open drug trafficking case in Miami-Dade county which has yet to be resolved.

### Genuine Remorse

Mr. Gazmuri-Perez is truly remorseful for his actions and poor decisions; he only blames himself and accepts responsibility for his actions as noted in his statement. During the presentence interview, he also expressed his remorse to the Probation Officer for his involvement in the instant offense. [D.E. 386 at P. 23]. Mr. Gazmuri-Perez also readopted the factual proffer during the PSR interview, warranting him a reduction pursuant to §3E1.1(a)-(b). [D.E. 301]. Further, he has met the safety valve criterion of §5C1.2(a), excluding him from any minimum mandatory sentence, and warranting a reduction pursuant to §2D1.1(b)(18). *Id*. The 11th Circuit has further held that genuine remorse is another important and appropriate factor to be considered in the court's §3553(a) analysis. See *United States vs. Gomez-Martinez*, 569 Fed. Appx. 777 (11th Cir. 2014) (recognizing that an offender's statement of remorse is directly related to both 'the nature and circumstances of the offense' and 'the history and characteristics of the defendant'), See also *United States v. Robinson*, 741 F.3d 588 (5th Cir. 2014)(a court has

the power to consider certain other factors concerning the defendant's remorse under §3553(a) irrespective, of whether the Government files a §5K1.1 motion). Lastly, Mr. Gazmuri-Perez intends on making a statement to this Honorable Court at the time of sentencing further expressing his remorse.

> **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Although a serious offense, Mr. Gazmuri-Perez's involvement in this case did not involve violence or the use of any weapon. This is Mr. Gazmuri-Perez's first time being imprisoned and at a very young age. At the age of 21, even if the Court grants his variance motion, Mr. Gazmuri-Perez will spend a significant amount of time incarcerated at a critical time of growth and development in his life. Thus, a sentence below the guidelines would be sufficient, but not greater than necessary, to punish Mr. Gazmuri-Perez, deter future criminal conduct, and protect the community. See *United States v. Adelson*, 441 F. Supp. 2d 506, 515 (SDNY 2006)(Long prison sentences are not always necessary to achieve the retributive and general deterrence objectives.) Lastly, a longer sentence would impede Mr. Gazmuri-Perez's ability to receive the needed educational or vocational training and other drug and/or mental health treatment in the most effective manner.

### The kinds of sentences available and the kinds of sentence and the sentencing range established and pertinent Sentencing Commission policy statement

Title 18 U.S.C. 3553(a) expressly dictates that "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth." The PSR finds that Mr. Gazmuri-Perez's total offense level is a 29 with a criminal history category of I, resulting in a guideline range of 87-108 months. Mr. Gazmuri-Perez has met the safety valve criterion of §5C1.2(a), and this Court is not bound to any mandatory minimum sentence. [D.E. 386, pg 24, ¶70]. Mr. Gazmuri-Perez has no criminal history; thus, his criminal history category is I. A sentence of 87 months imprisonment is a term that is greater than necessary to achieve the goals of sentencing under §3553(a); there are many factors that support a downward variance from the bottom of the guideline range.

### The need to avoid unwarranted sentence disparities

The Judiciary Sentencing Information (JSIN) database was used to calculate similarly situated defendants, the results from the database are below. [3] [4] For the drug type comparison, "other" was used versus "methamphetamine" the drug at issue which results in a higher guideline range.

FOR "OTHER," the average sentence imposed from 2017 to 2021 was 60 months.

> **FEDERAL OFFENDERS IN SELECTED CELL** During the last five fiscal years (FY2017-2021), there were 86 offenders whose primary guideline was §2D1.1 and Other was the primary drug type, with a **Final Offense Level of 29 and a Criminal History Category of I,** after excluding offenders who received a §5K1.1 substantial assistance departure. For the 81 offenders (94%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed

---

[3] https://jsin.ussc.gov/analytics/saw.dll?Dashboard
[4] https://www.ussc.gov/guidelines/judiciary-sentencing-information

was 60 month(s) and the median length of imprisonment imposed was 60 month(s). For all 86 offenders in the cell, the average sentence imposed was 56 month(s) and the median sentence imposed was 59 month(s). The sentencing data provided does not reflect the Commission's recommendation regarding the appropriate sentence to be imposed or represent the Commission's official position on any issue or case. Nor does the information provided reflect the Commission's position regarding the weight to be given, if any, to the above sentencing information in a court's determination of the appropriate sentence to be imposed. If the court does consider the above sentencing information as part of its consideration of the factors in 18 U.S.C. § 3553(a) in imposing sentence, it should do so only after considering the properly calculated guideline range and any applicable departures provided for in the Guidelines Manual.



Average and Median Sentence Length and Length of Imprisonment for Offenders in Selected Cell Who Received a Sentence of Imprisonment (excluding §5K1.1)
Fiscal Year 2017-2021

- Average Length of Imprisonment: 60
- Median Length of Imprisonment: 60
- Average Sentence Length: 56
- Median Sentence Length: 59

Note: The figure includes the 86 offenders reported to the Commission whose primary guideline was §2D1.1 and Other was the primary drug type, with a Final Offense Level of 29 and a Criminal History Category of I, after excluding offenders who received a §5K1.1 substantial assistance departure. Cases missing information necessary to complete the analysis were excluded from this figure.

FOR "METHAMPHETAMINE," the average sentence
imposed from 2017 to 2021 was 71 months.

FEDERAL OFFENDERS IN SELECTED CELL During the last five fiscal years (FY2017-2021), there were 343 offenders whose primary guideline was §2D1.1 and **Methamphetamine** was the primary drug type, with a Final Offense Level of 29 and a Criminal History Category of

> I, after excluding offenders who received a §5K1.1 substantial assistance departure. For the 340 offenders (99%) who received a sentence of imprisonment in whole or in part, ==the average length of imprisonment imposed was 71 month(s)== and the median length of imprisonment imposed was 72 month(s). For all 343 offenders in the cell, the average sentence imposed was 70 month(s) and the median sentence imposed was 72 month(s). The sentencing data provided does not reflect the Commission's recommendation regarding the appropriate sentence to be imposed or represent the Commission's official position on any issue or case. Nor does the information provided reflect the Commission's position regarding the weight to be given, if any, to the above sentencing information in a court's determination of the appropriate sentence to be imposed. If the court does consider the above sentencing information as part of Its consideration of the factors in 18 U.S.C. § 3553(a) in imposing sentence, it should do so only after considering the properly calculated guideline range and any applicable departures provided for in the Guidelines Manual.



Average and Median Sentence Length and Length of Imprisonment for Offenders in Selected Cell Who Received a Sentence of Imprisonment (excluding §5K1.1)
Fiscal Year 2017-2021

- Average Length of Imprisonment: 71
- Median Length of Imprisonment: 72
- Average Sentence Length: 70
- Median Sentence Length: 72

Note: The figure includes the 343 offenders reported to the Commission whose primary guideline was §2D1.1 and Methamphetamine was the primary drug type, with a Final Offense Level of 29 and a Criminal History Category of I, after excluding offenders who received a §5K1.1 substantial assistance departure. Cases missing information necessary to complete the analysis were excluded from this figure.

## CONCLUSION

A term of 87 months incarceration is greater than necessary to achieve the goals of sentencing under 18 U.S.C. §3553(a). Based on all the factors in this memorandum, a downward variance of 27 months is being requested for Mr. Gazmuri-Perez resulting a sentence of 60 months.

Respectfully submitted,

/s/ Dennis Gonzalez Jr.
Dennis Gonzalez Jr., Esq.
Fla. Bar No.: 92407
Dennis Gonzalez Jr., P.A.
11401 SW 40 Street, Suite 204
Miami, FL 33165
Telephone: (305) 257-8644
Fax: (305) 328 8412
Email: DG@786.Law

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing notice of appearance has been electronically filed with the Clerk of Court through CM/ECF and/or filed in open court on this **Tuesday, August 23, 2022**.

/s/ Dennis Gonzalez Jr.
Dennis Gonzalez Jr., Esq.