IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cr-20218-AHS

UNITED STATES OF AMERICA,
*Plaintiff*,

vs.

DOUGLAS GAZMURI PEREZ,
*Defendant*.

## MOTION FOR RETURN OF PROPERTY PURSUANT TO RULE 41(g)

COMES NOW, the Defendant, DOUGLAS GAZMURI, by and through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 41(g), respectfully moves this Honorable Court for the return of property seized during his arrest, and states as follows:

## I. INTRODUCTION

Defendant Douglas Gazmuri seeks the return of personal property seized during his arrest that has not been subjected to forfeiture proceedings and is not tied to the criminal activity for which he was convicted. The items requested are:

- Dell black laptop, Model Latitude 7490, Serial Number 12917189162, with charger;
- Florida driver's license;
- Cuban Passport, Passport Number 25530;
- Any and all jewelry seized at the time of arrest;
- Black Samsung Galaxy S8, IEMI 353111090870864;
- 1 LG phone, Model L125TL, Serial Number 012cQea0341380;
- 1 LG phone, Model L125TL, Serial Number 012cqpy0341632;
- 1 iPhone;
- 1 Alcatel black flip phone, IEMI 015455005063663, Model 4052R;
- 1 white iPhone with black case;
- 1 iPhone with black case, Model A1784;
- 1 grey iPad, Model A2229, Serial Number dmpdgablpv03, with tan case;
- Black fanny pack with a black wallet and miscellaneous IDs;
- Social Security card.

**II. FACTUAL BACKGROUND**

1. On May 9, 2022, Defendant pled guilty to Count One of the Indictment, charging conspiracy to distribute methamphetamine under 21 U.S.C. § 846.

2. The plea agreement (D.E. 300) includes general forfeiture provisions. However, during the sentencing hearing, the government explicitly stated, "Your Honor, at this time we would move to dismiss Count 5, and **I would let the Court know there is no forfeiture**." [**emphasis added**] (See the Sentencing Transcript at D.E. 597, p. 27, lines 22–24), further confirming that no forfeiture proceedings were intended for these items.

3. The Presentence Investigation Report (PSI) confirms that the government did not seek forfeiture of these items as proceeds of the offense or instrumentalities thereof. In paragraph 1, page 5 of 37 of the final PSI (D.E. 386):

    > "On May 9, 2022, the defendant pled guilty to Count One of an eight-count Indictment, which charges him with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. Additionally, the Indictment contains forfeiture allegations; however, **the attorney for the government advised that the government is not seeking forfeiture**."

4. The absence of any forfeiture proceedings and the government's explicit waiver of forfeiture underscore that the items listed are not contraband or subject to forfeiture.

**III. LEGAL STANDARD**

Federal Rule of Criminal Procedure 41(g) permits a person aggrieved by an unlawful search and seizure or deprivation of property to seek its return. When a motion for return of property is filed after the conclusion of criminal proceedings:

- The government bears the burden of showing a legitimate reason for retaining the property.

**IV. ARGUMENT**

1. Possessory Interest: Defendant maintains a legitimate possessory interest in the items listed above. These items include personal identification, electronics, and jewelry, none of which are inherently unlawful to possess.

2. No Forfeiture Proceedings: The Presentence Investigation Report explicitly states, "the attorney for the government advised that the government is not seeking forfeiture." (PSI, p. 5, ¶ 1). This aligns with the government's statement during sentencing that "There is no forfeiture" (Sentencing Transcript, p. 27, lines 22–24). The absence of any forfeiture proceedings and the government's explicit waiver of forfeiture underscore that the items listed are not contraband or subject to forfeiture.

3. Not Contraband or Evidence: None of the listed items are contraband or necessary for further evidentiary purposes. They include personal identification, communication devices, and personal belongings unrelated to the offense of conviction.

4. No Undue Burden on the Government: Returning the items imposes no undue burden on the government, as it has completed its case and has not initiated forfeiture proceedings.

## V. CONCLUSION

Defendant respectfully requests this Court order the United States to return the following property:

- Dell black laptop, Model Latitude 7490, Serial Number 12917189162, with charger;
- Florida driver's license;
- Cuban Passport, Passport Number 25530;
- Any and all jewelry seized at the time of arrest;
- Black Samsung Galaxy S8, IEMI 353111090870864;
- 1 LG phone, Model L125TL, Serial Number 012cQea0341380;
- 1 LG phone, Model L125TL, Serial Number 012cqpy0341632;
- 1 iPhone;
- 1 Alcatel black flip phone, IEMI 015455005063663, Model 4052R;
- 1 white iPhone with black case;
- 1 iPhone with black case, Model A1784;
- 1 grey iPad, Model A2229, Serial Number dmpdgablpv03, with tan case;

- Black fanny pack with a black wallet and miscellaneous IDs;
- Social Security card.

WHEREFORE, Defendant respectfully requests this Court grant this Motion for Return of Property and order the United States to return the above-listed items forthwith.

Dated: Saturday, December 21, 2024

                                                           Respectfully submitted,

**/s/ Dennis Gonzalez Jr.**
Dennis Gonzalez Jr., Esq.
Fla. Bar No.: 92407
Dennis Gonzalez Jr., P.A.
11401 SW 40 Street, Suite 204
Miami, FL 33165
Telephone: (305) 257-8644
Fax: (305) 328 8412
Email: DG@786.Law

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing notice of appearance has been electronically filed with the Clerk of Court through CM/ECF and/or filed in open court on this Saturday, December 21, 2024.

**/s/ Dennis Gonzalez Jr.**
Dennis Gonzalez Jr., Esq.