IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cr-20218-AHS

UNITED STATES OF AMERICA,
*Plaintiff*,

vs.

DOUGLAS GAZMURI PEREZ,
*Defendant*.

## MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Defendant, **Douglas Gazmuri Perez** ("Defendant"), by and through undersigned counsel, respectfully moves this Honorable Court to reduce his sentence pursuant to **18 U.S.C. § 3582(c)(2)** and **U.S.S.G. § 1B1.10**, based on the retroactive application of **Amendment 821** to the United States Sentencing Guidelines, which introduced §4C1.1 for zero-point offenders. In support of this motion, Defendant states the following:

## FACTUAL BACKGROUND

1. On **May 9, 2022**, Defendant pled guilty in federal court to one count of **Conspiracy to Possess with Intent to Distribute Methamphetamine**, in violation of **21 U.S.C. § 846 and 841(b)(1)(B)**.

2. On **August 25, 2022**, the Honorable Judge Raag Singhal sentenced Defendant to **72 months of imprisonment**, followed by **three years of supervised release**, with a **$100 special assessment**.

3. Subsequently, on **October 18, 2024**, Defendant agreed to plea guilty as part of negotiated plea in Miami-Dade Circuit Court (Case No. F20008498-A) to **Trafficking in Fentanyl**

(**4 grams or more**). He was sentenced to **five years of imprisonment**, with the state waiving the 25-year minimum mandatory and dismissing all other counts.

4. At the time of sentencing in this federal case, the guidelines did not include the two-level reduction provided by the recently adopted **§4C1.1** for zero-point offenders. Amendment 821, effective **November 1, 2023**, retroactively applies the two-level reduction for eligible offenders who satisfy the criteria of §4C1.1(a).

## LEGAL FRAMEWORK

6. Under **18 U.S.C. § 3582(c)(2)**, a defendant is eligible for a sentence reduction if their sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and such "a reduction is consistent with applicable policy statements."

7. **U.S.S.G. §4C1.1**, provides a two-level reduction for offenders who meet specific criteria, including:
    - Zero criminal history points under Chapter Four;
    - No disqualifying factors under §4C1.1(a)(1)-(11);

8. As a first-time, non-violent offender with no prior criminal history points, Defendant satisfies the eligibility requirements under **§4C1.1(a)** and **(b)**.

## ARGUMENT

### A. Defendant Qualifies for the Two-Level Reduction Under §4C1.1

9. Defendant's Presentence Investigation Report confirms he had **zero criminal history points** at the time of his sentencing.

10. Defendant does not fall under any of the disqualifying categories listed in **§4C1.1(a)(1)-(11)**:

- He has no prior convictions for violent offenses;
- The instant offense did not involve the use of violence, firearm possession, or leadership in criminal activity;
- No aggravating role enhancements under §3B1.1 were applied.

### B. Retroactivity Under Amendment 821

11. The U.S. Sentencing Commission has promulgated a series of revisions to the U.S. Sentencing Guidelines through Amendment 821, effective November 1, 2023. The Commission determined that Part A and Subpart 1 of Part B of Amendment 821 should be retroactive, permitting defendants to receive sentence reductions pursuant to 18 U.S.C. § 3582(c)(2). See U.S.S.G. amend. 825.

12. Application of the two-level reduction would lower Defendant's total offense level, resulting in a reduced guideline range.

### C. Timing of Federal and State Pleas and Sentences

13. Although Defendant's state court plea and sentence occurred after the federal sentencing, the conduct underlying the state charge occurred **prior to** the federal indictment and sentencing. Thus, the timing of the state plea does not affect Defendant's eligibility under Amendment 821.

### D. §3553(a) Factors

14. The Court should further consider the following mitigating factors:

- His strong familial ties and support system, which will assist in his reintegration into society;
- The non-violent nature of his offense and his lack of criminal history.

15. Reducing Defendant's sentence is consistent with the goals of sentencing under **18 U.S.C. §3553(a)**, particularly the need to avoid unwarranted sentencing disparities.

## GOVERNMENT'S OBJECTIONS

16. The government may argue that Defendant's subsequent state conviction undermines his eligibility. However, as noted, the conduct underlying the state offense predates his federal sentencing, and the criteria of §4C1.1 do not exclude offenders based on subsequent state charges unrelated to the federal offense.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Honorable Court:

1. Grant his motion for a sentence reduction pursuant to **18 U.S.C. § 3582(c)(2)**;
2. Apply the two-level reduction under **U.S.S.G. §4C1.1**, lowering his offense level and resulting in a corresponding reduction in his sentence;
3. Amend the judgment to reflect the reduced sentence.

Respectfully submitted,

**/s/ Dennis Gonzalez Jr.**
Dennis Gonzalez Jr., Esq.
Fla. Bar No.: 92407
Dennis Gonzalez Jr., P.A.
11401 SW 40 Street, Suite 204
Miami, FL 33165
Telephone: (305) 257-8644
Fax: (305) 328 8412
Email: DG@786.Law

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing notice of appearance has been electronically filed with the Clerk of Court through CM/ECF and/or filed in open court on Saturday, December 21, 2024.

**/s/ Dennis Gonzalez Jr.**
**Dennis Gonzalez Jr., Esq.**